# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | |
|---|---|
| KATHY RIBIK, ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | Cause No.: 2:13-CV-154-JTM-PRC |
| ) | |
| PEERLESS INDEMNITY INSURANCE ) | |
| COMPANY, ) | |
|     Defendant. ) | |

## OPINION AND ORDER

This matter is before the Court on Plaintiff's Motion to Compel Discovery and Modify Certain Case Management Deadlines [DE 26], filed on February 20, 2014. Defendant filed a Response on March 6, 2014; Plaintiff filed a Reply on March 17, 2014; and Defendant filed a Surresponse with leave of Court on April 1, 2014.

## I. Background

This case was originally filed in Porter County, Indiana, Superior Court on April 11, 2013. Defendants removed to the United States District Court for the Northern District of Indiana on May 1, 2013. Plaintiff filed her First Amended Complaint on September 12, 2013. The Amended Complaint alleges that Plaintiff was injured in a car accident, and that Defendant (Plaintiff's insurer) has failed to pay her what she is owed under her insurance policy, breaching the insurance contract and its fiduciary duties to her.

On October 24, 2013, Plaintiff served Defendant with her first set of Interrogatories and her first Request for Production of Documents. Defendant's responses were hence due on November 23, 2013. The parties then agreed to extend the deadline to December 23, 2013. On December 23, 2013, Defendant filed an Emergency Motion for Extension of Time to Complete Discovery Responses, contending that it needed more time to complete its responses because an attorney had

left the firm and because of holiday schedules. Plaintiff did not object, and the Court granted the motion and set January 13, 2014, as the new deadline.

Thereafter, the parties again agreed privately to extend the deadline for Defendant to serve Plaintiff with its responses and documents, setting the new due date for January 20, 2014. The deadline passed without Defendant producing any responses. The parties spoke about the overdue discovery on January 27, 2014. Defense counsel represented that discovery about Plaintiff's under-insured motorist claims would be served by February 7, 2014, and that discovery responsive to Plaintiff's bad faith claims would be provided by February 14, 2014. Plaintiff did not agree to these extensions, but nevertheless forewent filing a motion to compel.

At some point, Defendant decided to switch attorneys, and, on February 6, 2014, attorneys John C. Trimble and Lewis S. Wooton appeared on Defendant's behalf. (Defendant's original lawyers—Jennifer Davis, Court Farrell, Alexander Planeto, Bruce Clark, and Bradley Clark—had their appearances withdrawn on March 3, 2014.)

Plaintiff represents that she contacted Defendant's original counsel on February 20, 2014, to make a final attempt at resolving this dispute without litigation. Defendant, however, contends that this communication did not even touch on the discovery dispute. Instead, it represents that its former lawyers advised Plaintiff's counsel that the case file had been transferred to Defendant's new lawyers and that all further communications should be directed there.

Defendant also represents that, on February 20, 2014, its former lawyers sent an email to its new lawyers stating that they had obtained an additional extension to accommodate the transfer of files to Defendant's new lawyers, that they had informed Plaintiff's counsel that the file had been transferred to Defendant's new lawyers, and that any meet-and-confer discussions would have to

occur with Defendant's new lawyers. Plaintiff never contacted the new lawyers to discuss discovery issues, but filed this motion on the same day, February 20, 2014.

Defendants' new lawyers contacted Plaintiff's counsel by phone on February 26, 2014, about the purported general extension, and Plaintiff responded, both in the conversation and in an email sent the next day, that no such extension had been granted or would be granted. Indeed, Plaintiff represents that she wrote to both Defendant's original lawyers and to its new lawyers on February 14, 2014, explaining that she expected discovery to be produced by February 19, 2014. Defendant served its responses to the discovery requests on March 6, 2014—the same day it filed its response to Plaintiff's motion. Finally, it has become evident in the briefing of this motion that Defendant began working on responding to the discovery requests only after the Motion to Compel was filed.

## II. Analysis

Courts have broad discretion in deciding motions to compel. *Romary Associates, Inc. v. Kibbi LLC*, 1:10-CV-376, 2011 WL 4005346 at *2 (N.D. Ind. Sept. 8, 2011); *Sattar v. Motorola, Inc.*, 138 F.3d 1164, 1171 (7th Cir. 1998). Here, Plaintiff's Motion to Compel asks the Court for three things: first that Defendant be ordered to produce the requested discovery responses; second, that the Court deem waived any objections to the discovery requests; and third, that the Court order Defendant to pay Plaintiff's reasonable attorney fees spent in litigating this motion. The Court considers each in turn.

### A. Sufficiency of Defendant's Responses

As laid out above, Defendant served Plaintiff with discovery responses shortly after Plaintiff filed this Motion to Compel. Plaintiff states in her Reply that she is not satisfied with these responses. But, aside from the question of whether Defendant's objections are waived, considered

3

below, the sufficiency of the responses is not properly before the court. *Romary Associates, Inc.*, 1:10-CV-376, 2011 WL 4005346 at *2. The Court hence denies in part as moot the Motion to Compel.

## B. Waiver of Objections and Attorney Fees

"Failure to timely assert objections to discovery requests may result in a waiver of all objections that could have been seasonably asserted." *Autotech Tech. Ltd. Partnership v. Automationdirect. com, Inc.,* 236 F.R.D. 396, 398 (N.D. Ill.2006); *Stelor Productions, Inc. v. Oogles N Googles,* No. 1:05–cv–0354–DFH–TAB, 2008 WL 5062786, at *1 (S.D. Ind. Nov. 21, 2008) (finding that a party waived its objections to discovery requests where the party failed to timely object and disregarded a court-ordered deadline to respond).

Federal Rules of Civil Procedure 33 (which governs interrogatories) and 34 (which governs requests for production of documents) both provide that failure to timely raise objections can result in waiver. Fed. R. Civ. P. 33(b)(4) (providing that "[a]ny ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure"); Fed. R. Civ. P. 34(b)(2)(A) (providing that "[t]he party to whom the request is directed must respond in writing within 30 days after being served").

Defendant admits the delay, but contends that it had good cause, arguing that this dispute arose as the result of miscommunication between Plaintiff's counsel and Defendant's original counsel and between Defendant's original counsel and current counsel. The Court thinks that, though significant, Defendant's failures do not warrant the waiver of its objections, including objections on the basis of attorney–client privilege. The "imposition of waiver of objections as sanction for untimely discovery responses is a harsh sanction, and, consequently is reserved for

4

cases where the offending party was guilty of unjustified delay when responding to discovery." *Romary Associates, Inc.*, 1:10-CV-376, 2011 WL 4005346 *3 (internal citations and quotation marks omitted). Since retaining its new lawyers, Defendant has promptly responded to the discovery requests. Moreover, Plaintiff is not without blame: she knew that Defendant was switching representation, yet, did not adequately confer with Defendant's new lawyers about the discovery dispute, even after being advised by Defendant's original counsel that they had transferred the case file and that all further discussions should be held with Defendant's new lawyers. The Court hence concludes that good cause existed for the delay, and denies Plaintiff's request that Defendant's objections be deemed waived. Likewise, the Court does not think it would be just to order Defendant or its new lawyers to pay attorney fees.

### III. Conclusion

For these reasons, the Court **DENIES in part as moot** and **DENIES in part** Plaintiff's Motion to Compel Discovery and Modify Certain Case Management Deadlines [DE 26]. However, both parties remain free to request extensions of the discovery deadlines.

SO ORDERED this 30th day of June, 2014.

                                        s/ Paul R. Cherry
                                        MAGISTRATE JUDGE PAUL R. CHERRY
                                        UNITED STATES DISTRICT COURT

cc:    All counsel of record