# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | |
|---|---|
| KATHY RIBIK, ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | Cause No.: 2:13-CV-154-JTM-PRC |
| ) | |
| PEERLESS INDEMNITY INSURANCE ) | |
| COMPANY, ) | |
|     Defendant. ) | |

## OPINION AND ORDER

This matter is before the Court on Defendant's Motion for Leave to File Amended Answer [DE 51], filed on March 23, 2015. Plaintiff filed a response on April 7, 2015, and Defendant filed a reply on April 24, 2015.[1]

This is a personal injury case stemming from a January 9, 2012 car accident. Before the accident, on February 10, 2010, Plaintiff filed for Chapter 13 Bankruptcy. At her recent deposition in this case, Plaintiff testified that the claim on which this lawsuit is based was never disclosed to the Bankruptcy Court or to the Trustee. Indeed, Defendant represents that further inquiry has revealed that, while the bankruptcy case was still pending (it was apparently dismissed without discharging any of Plaintiff's debts on September 12, 2012, some seven months before this case was filed), her policy-limit settlement demand of $100,000 was accepted by the liability insurer of the alleged tortfeasor involved in the accident. Moreover, according to Defendant, she did not disclose to the Bankruptcy Court or to the Trustee that she was presenting a $900,000 demand to Defendant.

---
[1] The reply was untimely, but there has been no objection.

Defendant reads this as Plaintiff taking inconsistent positions in two different legal proceedings, and it thus asks the Court for leave to amend its Answer to include an estoppel defense.[2]

This motion comes more than fourteen months after the December 31, 2013 deadline for filing motions seeking leave to amend, and Defendant accordingly must, as a threshold matter, justify the departure from this Court's Federal Rule of Civil Procedure 16(b) Scheduling Order. In order to amend "a pleading after the expiration of the trial court's Scheduling Order deadline to amend pleadings, the moving party must show 'good cause,'" which, in this context, is primarily a question of diligence. *Trustmark Ins. Co. v. Gen. & Cologne Life Re of Am.*, 424 F.3d 542, 553 (7th Cir. 2005) (citing Fed. R. Civ. P. 16(b); *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992)).

Moreover, "[w]hen an act . . . must be done within a specified time, the court may, for good cause, extend the time . . . on motion made after the time has expired if the party failed to act because of *excusable neglect*." Fed. R. Civ. P. 6(b)(1) (emphasis added); *Novogroder Companies, Inc. v. Hartford Fire Ins. Co.*, No. 2:10-CV-193-RLM-PRC, 2012 WL 359309, at *1 (N.D. Ind. Feb. 2, 2012). To determine whether the neglect was excusable, the Court must "tak[e] into consideration all relevant circumstances including the danger of prejudice to the non-moving party, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Marquez v. Mineta*, 424 F.3d 539, 541 (7th Cir. 2005) (quotations and citations omitted).

---

[2] Defendant also seeks to remove several affirmative defenses, which it now thinks are inappropriate. Plaintiff does not object to this request, but only to the addition.

Defendant contends that it didn't know, and had no reason to know, that there was any information supporting an estoppel defense prior to when it took Plaintiff's deposition in February 2015. Since then, it contends that it has acted diligently in pursuing this issue. Plaintiff, however, contends that this isn't good enough. She points out that Defendant initially asserted a litany of affirmative defenses, and could have looked into this issue before the Rule 16(b) deadline had passed. She says that interrogatories about prior or pending litigation and bankruptcies are common, but that Defendant never pursued this line of inquiry prior to the deposition. Moreover, she points out that the issue could have been pursued in Defendant's earlier interviews with Plaintiff; alternatively, Defendant could have deposed Plaintiff before the Rule 16(b) deadline. In addition to all this, Plaintiff points out that the motion itself is short and does not engage with many of the relevant issues; in fact, it does not even say that it was filed more than a year after the Rule 16(b) deadline had passed.

There is some merit to these arguments. The initial motion should have been more detailed, and a more thorough search might well have uncovered this issue before the deadline passed. But the issue of estoppel is unusual enough that it is understandable that Defendant wasn't rooting around for it. Indeed, the revelation at the deposition seems to have caught defense counsel by surprise.

Further, the cases Plaintiff cites in support of her contentions are distinguishable. For example, in *Pringle v. Garcia*, the moving parties did not explain how they came to know of the additional information they contended warranted amendment. No. 2:09-CV-22-PPS-PRC, 2013 WL 1911483, at *2 (N.D. Ind. May 8, 2013). In light of this, "the Court [wa]s unable to reach any conclusion as to whether Defendants ha[d] shown the

diligence required." *Id.*; *accord Hultgren v. Veracco*, No. 2:12-CV-478-PRC, 2013 WL 5818611, at *2 (N.D. Ind. Oct. 29, 2013). Here, by contrast, Defendant has explained that it didn't know about the non-disclosure to the Bankruptcy Court until the issue came up in the Plaintiff's deposition.

Other cases cited by Plaintiff involved parties who had been put on notice of the issue well before the Rule 16(b) deadline. Thus, in *Tschantz v. McCann*, the plaintiff was on notice that he had sued the wrong defendant well before the deadline had passed; his attorney had "ignored the information he received in open court, failed to pay attention to the discovery that he received, and then ignored or overlooked a deadline that he had virtually set for himself." 160 F.R.D. 568, 572 (N.D. Ind. 1995); *accord Mid-Am. Found. Supply, Inc. v. Konga Marine Logistics, LLC*, No. 1:12-CV-328, 2013 WL 5671058, at *3 (N.D. Ind. Oct. 16, 2013).

This case is different. The information was not in Defendant's possession, and, as explained above, the Court is not convinced that Defendant should be on the hook for not having looked for it earlier. Accordingly, the Court finds that the neglect was excusable and that Defendant has shown good cause for the delay. Defendant has satisfied the threshold requirement, and the Court therefore turns to consider whether the proposed amendment is proper under Rule 15.

## II. Rule 15(a)

Federal Rule of Civil Procedure 15 governs amendments to pleadings and provides that when a party is no longer permitted to amend its pleading as a matter of course, the "party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R.

Civ. P. 15(a). The United States Supreme Court explained the term "freely give" as follows:

> In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of a movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc.—the leave sought should, as the rules require, be freely given.

*Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also Bausch v. Stryker Corp.*, 630 F.3d 546, 562 (7th Cir. 2010).

The affirmative defense Defendant wants to add reads as follows: "Plaintiff is estopped from pursuing this lawsuit against Defendant." DE 51 at 2. Plaintiff contends that this fails to meet the pleading standards of Rule 8 and that it would be futile to allow this amendment.

The standard for futility is the same standard of legal sufficiency that applies under Federal Rule of Civil Procedure 12(b)(6). *See Townsel v. DISH Network LLC*, 668 F.3d 967, 969 (7th Cir. 2012); *Gen. Elec. Capital Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1085 (7th Cir. 1997). To survive a 12(b)(6) motion to dismiss for failure to state a claim, the complaint must first comply with Rule 8(a) by providing "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), such that the defendant is given "fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009).[3]

---

[3] Affirmative defenses are subject to the pleading requirements of Rule 8. *ADT Sec. Servs., Inc. v. Lisle-Woodridge Fire Prot. Dist.*, 973 F. Supp. 2d 842, 845 (N.D. Ill. 2014) (quoting *Heller Fin., Inc. v. Midwhey Powder Co.*, 883 F.2d 1286, 1294 (7th Cir. 1989)).

Defendant's proposed affirmative defense is insufficient. It fails to specify whether it is based on a theory of promissory, equitable, or judicial estoppel, and it makes no allegations of the elements of any of these defenses. Simply put, it doesn't contain a short plain statement of facts sufficient for Plaintiff to ascertain why Defendant thinks Plaintiff is estopped from asserting her causes of action.

Yet, as Defendant points out, the basis of the estoppel defense is fleshed out in its briefs (particularly its reply) and appears to have at least some potential merit. This does not justify the addition, however, which would have to be dismissed under Rule 12(b)(6) regardless of the defense's underlying propriety. This is not to say that addition of an estoppel defense is now foreclosed, but only that, as currently phrased, the amendment would be inappropriate since it would be futile under the applicable legal standards. Accordingly, the Court **DENIES** Defendant's Motion for Leave to File Amended Answer [DE 51].

SO ORDERED this 16th day of June, 2015.

s/ Paul R. Cherry
MAGISTRATE JUDGE PAUL R. CHERRY
UNITED STATES DISTRICT COURT